UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD EUGENE WARD,<br><br>                      Plaintiff,<br><br>v.<br><br>M. H. VALADEZ *et al.*,<br><br>                      Defendants. | Case No.: 19-CV-1267-LAB(WVG)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**<br><br>**[Doc. No. 47.]** |

On September 6, 2018, Plaintiff Leonard Eugene Ward filed a Complaint against the named Defendants under 42 U.S.C. § 1983 for various civil and constitutional rights violations during his incarceration in California state prison. Plaintiff also alleges various state tort claims. Defendants have moved to dismiss this lawsuit based on the running of the statute of limitations. For the reasons discussed below, this Court RECOMMENDS that Defendants' motion to dismiss be GRANTED and the Complaint be DISMISSED without leave to amend.

### I. BACKGROUND

Ward was sentenced on July 24, 2009, to a total term of fifty years-to-life and was thereafter incarcerated at Centinela State Prison. In October 2013, the California Superior Court vacated his sentence and resentenced him to a total term of eleven years. Plaintiff

was released from prison on July 21, 2015, but now alleges that he should have been released as early as May 2014. Plaintiff alleges Defendants incorrectly calculated the time he should have served by not giving him credit for good time or work time, not giving him credit under California Penal Code section 667, and failing to properly calculate the time he actually served. Plaintiff alleges that Defendants Griffin, Alfaro, Galindo, Santana, and Bowen were case records administrators or correctional counselors who incorrectly calculated his sentence; Defendants Palacio, Valadez, Johnson, Favila, Allen, and Voong reviewed Plaintiff's prison appeals regarding his sentence; Defendants Martinez and Taylor-Garcia worked on both his sentence calculation and appeals; and Defendants Santana and Denault transferred him to CSP-Centinela despite a favorable classification score. While incarcerated in January of 2015, Plaintiff filed Inmate/Parolee Appeals (CDCR Form 602) seeking relief from his continued detention. Those petitions were denied at the "third level" of review on July 31, 2015.

While still in prison, Plaintiff filed an initial government claim with the California Victim Compensation and Government Claims Board (VCGCB) on April 7, 2015. In his claim, Plaintiff alleged that he had been over-detained. Plaintiff identified the dates of the incident as "10-11-13 until 4-7-15 and continues." On April 21, 2015, the VCGCB advised Plaintiff that his claim was not accepted because he had not paid the filing fee or otherwise requested a waiver of the filing fee. On May 7, 2015, Plaintiff resubmitted his claim with a fee waiver. On May 15, 2015, the VCGCB denied any timely claims and advised Plaintiff to file a late claim application as to any late claims. On May 25, 2015, Plaintiff resubmitted his claim. On June 12, 2015, the VCGCB acknowledge receipt of Plaintiff's claim, and agreed to treat the claim as a late claim. On July 21, 2015, the VCGCB advised Plaintiff that staff was recommending that his claim be denied, and he was released the same day. The VCGCB formally denied the late claim on August 20, 2015 and rejected the claim itself. (Letter dated Aug. 28, 2015, Lodgment 47-1 at 21.) The VCGCB notified Plaintiff that he would need to petition the appropriate court for an order relieving him from the denial of his late claim.

Plaintiff filed a second government claim with a late application on February 19, 2016. On April 21, 2016, the VCGCB notified Plaintiff that the staff was recommending that the late claim petition be denied. The VCGCB formally denied the late claim on May 19, 2016 and rejected the claim. (Letter dated May 27, 2016, Lodgment 47-1 at 36.) The VCGCB again notified Plaintiff that he would need to petition the appropriate court for an order relieving him from the denial of his late claim.

Plaintiff filed suit in the United States District Court for the Central District of California against various California officials in July 2016. Plaintiff later moved the court to dismiss the case without prejudice in June 2017 because the Complaint did not name the proper defendants. In September 2018, Plaintiff commenced the instant action. The Complaint alleges various injuries under 42 U.S.C. § 1983 starting on November 1, 2013 at Centinela state prison. These federal claims include a conspiracy to violate civil rights under 42 U.S.C. § 1985, violation of the Fourth and Eighth Amendments by over-incarceration through failing to accurately calculate his time and credits, retaliation against his First Amendment rights for filing grievances, violation of the Fourteenth Amendment's Equal Protection Clause, and the Fifth Amendment's guaranty of due process and Sixth Amendment's Right to Counsel at "critical court proceedings." Under 28 U.S.C. § 1367, Plaintiff also alleges supplemental state tort claims of false imprisonment, negligence, and intentional infliction of emotional distress.

In their motion to dismiss, Defendants argue that (1) the face of the Complaint demonstrates that Plaintiff's federal claims are barred by the statute of limitations and were not tolled; (2) Plaintiff failed to timely comply with the Government Claims Act and his claims under state law are also barred; and in the alternative, that (3) Plaintiff failed to state

facts sufficient to support a claim against Defendant Denault; (4) Plaintiff cannot state a claim under the First, Fourth, Fifth, or Sixth Amendments.[1]

## II. LEGAL STANDARD

### A. Motions to Dismiss

On a motion to dismiss based on the statute of limitations, the Court must assess whether "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.")). Because the statute of limitations is an affirmative defense, the "defendant has the burden of proving the action is time-barred." *Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1020 (C.D. Cal. 2009) (citation omitted).

### B. Statute of Limitations in Section 1983 Actions; Tolling; Accrual

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Because § 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). The statute of limitations for personal injury claims in California is two years. Cal. Civ. Proc. Code § 335.1. The rules of tolling are also taken from state law. *Hardin v. Straub*, 490 U.S. 536, 543 (1989); *Wallace*, 549 U.S. at 394; *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999).

---

[1] Because this Court concludes that Plaintiff's claims are wholly barred by the statute of limitations—and in the interests of efficiency and judicial economy—this Report and Recommendation does not analyze whether each claim is sufficiently pled.

Unlike the length of the limitations period and tolling rules, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. 384, 388 (2007); *Hardin*, 490 U.S. at 543-44 (holding that federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). "[T]he standard rule [is] that [accrual occurs] when the plaintiff has 'a complete and present cause of action'" that is, when "the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal citations omitted).

### III.  DISCUSSION

**A.  Plaintiff's Section 1983 Claims Are Barred by the Statute of Limitations.[2]**

Plaintiff's claims here accrued when he was able to "file suit and obtain relief." *Wallace*, 549 U.S. at 388. At the latest, this occurred on the day he was released from prison—on July 21, 2015. Therefore, under California's two-year statute of limitations, assuming no tolling, the last day he could have filed his complaint was July 21, 2017. However, he filed this Complaint on September 6, 2018. The running of the limitations period completed, Plaintiff's Complaint is plainly untimely.

The California state law for tolling a limitations period in a personal injury claim only allows tolling for prisoners *while they are in custody*, not to exceed two years. Cal. Civ. Proc. Code § 352.1(a). Plaintiff was therefore not entitled to tolling upon his release

---

[2] As an initial matter, Plaintiff asserts that Defendants' motion to dismiss is untimely because it was served greater than 21 days after the complaint and was not in the original pleadings. This Court nonetheless has the authority to dismiss any complaint that fails to state a claim for which relief can be granted, including a claim that does not satisfy the statute of limitations. *See* 42 U.S.C. § 1997e(c)(1). As such, it is within the purview of this Court to consider Defendants' motion.

5

19-CV-1267-LAB(WVG)

from prison on July 21, 2015, as he was no longer in custody after that date. *See Ellis v. City of San Diego, Cal.*, 176 F.3d 1183, 1189-90 (9th Cir. 1999).

Similarly, Plaintiff contends that his claims are subject to tolling because the Prisoner Litigation Reform Act (PLRA) "requires that a prisoner challenging prison conditions" must "exhaust all available remedies before filing a suit" under § 1983. (Doc. No. 49 at 4 (citing 42 U.S.C. § 1997e(a).) However, on the day of his release on July 21, 2015, Plaintiff was no longer a "prisoner" to whom the PLRA applied. *See Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) (Litigants who file prison condition actions after release from confinement are no longer "prisoners" for purposes of 42 USCS § 1997e(a), and therefore they need not satisfy exhaustion requirements of that provision); *see also Jackson v. Fong*, 870 F.3d 928, 936 (9th Cir. 2017). Because Plaintiff was no longer a "prisoner," there was no requirement to exhaust his administrative remedies prior to filing his § 1983 suit, and he could have filed suit on the day he was released. Accordingly, the statute of limitations is not tolled by the PLRA.

Plaintiff also maintains that tolling is appropriate because Defendants "held onto" the records and appeals related to his administrative remedial attempts between 2014 and 2015. Plaintiff contends that these documents were unnecessarily withheld from him so that he was unable to name Defendants and file his claim until April 12, 2018. (*See* Doc. No. 1 at 27.) However, Plaintiff also demonstrates no reasonable attempts to acquire those same records until March 14, 2018, the first date he sent a letter to the CDCR Archives Unit. (*See id.* at 26.) Moreover, Plaintiff had previously filed a timely unrelated lawsuit against Defendants on July 20, 2016, and the suit was dismissed without prejudice on June 14, 2017, only one month before his limitations period in this case expired. While demonstrating requisite impetus to commence timely litigation, the prior lawsuit also does not entitle Plaintiff to tolling. *See Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1127 (9th Cir. 2008) (holding that voluntary dismissal of a claim does not toll the limitation period).

In sum, Plaintiff filed his § 1983 complaint more than two years after the date of accrual, and the facts Plaintiff presents simply do not toll the statute of limitations. The Complaint is deficient on its face as to Plaintiff's Fourth and Eighth Amendment claims for over-incarceration, First Amendment claim for retaliation, Fourteenth Amendment equal protection claim, Fifth Amendment due process claim, and Sixth Amendment right to counsel claim. The Court therefore recommends the motion to dismiss be GRANTED without leave to amend for all claims arising under 42 U.S.C. §§ 1983 and 1985. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) ("The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.")

**B.    State Law Claims**

California Government Code § 945.4 requires that a plaintiff suing a public entity for damages must have presented the claim to the public entity within a statutory timeframe prior to bringing suit. California's Government Claims Act provides that a party seeking to recover monetary damages for personal injury from a public entity must submit a claim to the entity within six months after accrual. Cal. Gov. Code § 911.2; *see also City of Stockton v. Sup. Ct.*, 171 P.3d 20, 25 (Cal. 2007). Subject to exceptions not relevant here, a "cause of action against a public employee . . . for injury resulting from an act . . . in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred." Cal. Gov. Code § 950.2. Any suit filed against a public entity after the denial of an administrative claim under § 945.4 must be commenced within six months of the written notice of denial. Cal. Gov. Code § 945.6; *see also* Cal. Gov. Code § 950.6; *Silva v. Crain*, 169 F.3d 608, 611 (9th Cir. 1999). This action, however, commenced on September 6, 2018, over three years after the first VCGCB claim and two years after the second VCGCB claim was denied and thus well outside the statute

of limitations.[3]

The facts here illustrate that Plaintiff filed two separate, subsequent claims to the VCGCB with associated late claims on April 7, 2015, and February 19, 2016. Those claims were ultimately denied on August 20, 2015, and May 19, 2016, respectively. In the letters to Plaintiff informing him of the denial of his claims (dated August 28, 2015, and May 27, 2016, respectively) the VCGCB included a warning, which stated in part: "If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provision of Government Code 945.4 (claims presentation requirement). See Government Code Section 946.6. Such petition must be filed with the court *within six (6) months* from the date your application for leave to present a claim was denied." (Doc. No. 47-1 at 19, 34 (emphasis added).) Plaintiff was thus well aware of the six-month time period but failed to file this suit within that time. Accordingly, the state law claims against the entity defendants here are untimely.[4]

## IV. CONCLUSION

Plaintiff's federal claims under 42 U.S.C. § 1983 as well as Plaintiff's state law claims are barred by the statute of limitations. Accordingly, this Court RECOMMENDS that Defendants' Motion to Dismiss be GRANTED and the Complaint be DISMISSED without leave to amend.

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

---

[3] The second VCGCB claim was filed over a year after accrual, therefore the Superior Court would not have jurisdiction over the claim and it would have been barred after the VCGCB's denial. *See* Cal. Gov. Code § 946.6.

[4] The state claims against the individual Defendants are barred because where action against a public entity is barred, an action on the same alleged events against associated public employees is also barred. Cal. Gov. Code § 950.2.

1    IT IS ORDERED that no later than **November 26, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **December 9, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: October 16, 2019

Hon. William V. Gallo
United States Magistrate Judge