UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LEONARD EUGENE WARD | Case No.: 19cv1267-LAB (WVG) |
|---|---|
| Plaintiff, | **ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION, AND ADOPTING REPORT AND RECOMMENDATION; AND** |
| v. | |
| M. H. VALADEZ, et al. | |
| Defendants. | **ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Leonard Eugene Ward, who is proceeding *pro se*, brings civil rights claims under 42 U.S.C. §§ 1983 and 1985 and supplemental state claims arising in connection with his previous incarceration. He originally filed his complaint in the Central District of California, but the case was transferred to this Court on July 10, 2019. Shortly after the transfer, Defendants moved to dismiss, raising a statute of limitations defense, among others. The motion was referred to Magistrate Judge William Gallo for report and recommendation.

After receiving briefing, Judge Gallo issued his report and recommendation (the "R&R") on October 16, 2019, recommending that the motion be granted. Ward filed written objections. (Docket no. 52.)

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* Section 636(b)(1) similarly requires that a district judge "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The Court has reviewed Ward's objections, and has conducted a de novo review of those portions of the R&R he specifically objected to.

**Discussion**

Ward's objections focus on only a few portions of the R&R. For the most part, he agrees with its factual findings and its statement of the law. The R&R correctly sets forth the governing law on statutes of limitations, accrual of claims, and tolling, as well as standards for dismissal based on a statute of limitations defense, which the Court **ADOPTS** and does not repeat here. Although the R&R does not specifically say so, the statute of limitations for Ward's § 1985 claim is the same as for his § 1983 claim. *See McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991). The R&R also provides a factual procedural history of the case, to which Ward does not object. The Court modifies one portion of the R&R for clarity, as discussed below. So modified, the Court also **ADOPTS** the R&R's procedural and factual findings. The following background is taken from that unobjected-to portion of the R&R.

Defendant's motion included requests for judicial notice. The R&R, without expressly saying so, granted the request and relied on the noticed documents. Ward did not object to this, and does not question the authenticity of any of the documents. In fact, he cites and relies on them himself in his objections.

/ / /

In 2009, Ward was sentenced to a term of fifty years to life, and was incarcerated in Centinela State Prison. In October of 2013, the California Superior Court vacated his sentence. He was released from prison on July 21, 2015, but now claims he should have been released in May of 2014.

Ward claims Defendants violated his rights by incarcerating him longer than the law permitted. He alleges Defendants incorrectly calculated the time he should have served, failing to give him credit for good time or work time; failing to give him credit under California's Three Strikes law, Penal Code § 667; and failing to calculate properly the time he actually served. He also claims they retaliated against him for filing a grievance while in prison, and violated his procedural rights in various ways, and conspired to deprive him of his civil rights in violation of 42 U.S.C. § 1985.

In January of 2015, while he was still in prison, Ward filed an appeal seeking relief from his continued detention. His petitions were denied at the third level of review on July 31, 2015.

Ward also filed a series of claims with the California Victim Compensation and Government Claims Board (VCGCB) beginning on April 7, 2015, for over-detaining him. On April 21, 2015, the VCGCB told him his claim had not been accepted because he had neither paid the filing fee nor requested a fee waiver. On May 7, 2015 he resubmitted his claim with a fee waiver. On May 15, the VCGCB denied any timely claims and advised him to file a late claim application as to any late claims. On May 25, 2015, he resubmitted his claim. The VCGCB acknowledged receipt of his claim, and agreed to treat it as a late claim. On July 21, 2015, the VCGCB sent him a notification that staff were recommending denial of his claim. He was released that same day. The VCGCB formally denied him leave to present a late claim on August 20, 2015 and also rejected the claim itself. The VCGCB's letter (Lodgment 47-1 at 21) dated August 28, 2015 notified him of this, and told him that he would need to petition an appropriate court for an order

relieving him of Cal. Government Code § 945.4's claims presentation requirement, citing Cal. Govt. Code § 946.6. The VCGCB's letters were addressed to Ward's mailing address as provided on his claim form. (*See* Lodgment 47-1 at 6.) Ward then, represented by counsel, filed a second claim with a late application on February 19, 2016. On April 21, 2016, the VCGCB notified him the staff was recommending that the late claim petition be denied. The VCGCB formally denied the late claim on May 19, 2016, and rejected the claim. (Lodgment 47-1 at 36.) The notification letter, dated May 27, 2016, included the same advice about the need to petition an appropriate court for relief from the claims presentation requirement.

Still represented by counsel, Ward filed suit in the Central District against various state government defendants in 16cv1582-BRO-SP, *Ward v. Cal. Dept. of Corr. & Rehabilitation,* et al.*,* (C.D. Cal., filed July 20, 2016).[1] On June 9, 2017, he asked the court to dismiss that case without prejudice because the complaint did not name the proper defendants. (*See* Docket no. 33 in case 16cv1582-BRO-SP.) The court granted the request for voluntary dismissal on June 14, 2017. (*See* Docket no. 36 in case 16cv1582.) The R&R characterizes this case as unrelated, which is true in a sense. That case and this were deemed administratively related. In addition, Ward raised his over-incarceration claims in that case as well, albeit against a completely different set of defendants.[2] The R&R's characterization of

---

[1] Ward alleges the basic facts of this filing and his voluntary dismissal. (Compl. at 1.) The Court has taken judicial notice of the docket in that case, as provided by Fed. R. Evid. 201(b), for the purpose of providing additional detail. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) (court may take judicial notice of court records available through PACER). If Ward wishes to be heard on the propriety of the Court's notice of the docket, he may file a request within seven calendar days of the date this order is issued. *See* Fed. R. Evid. 201(e).

[2] In 16cv1582, Ward sued the Department of Corrections and Rehabilitation, and

[Case Number]

the cases as unrelated should not be understood as saying the factual premises of the cases are unrelated. This is important because Ward was on notice of everything that happened in case 16cv1582, including the basis for the claims he was attempting to raise there. It is also relevant that he was represented by counsel in that case.

The R&R determined that Ward's federal claims accrued, at the latest, on July 21, 2015, when he was released from prison. As of that date, he was no longer subject to the Prison Litigation Reform Act's (PLRA's) exhaustion requirements, and was not subject to any of the other conditions that provide a basis for tolling under California law. Ward objects to this for several reasons.

Ward disputes that as of the date he was released, he was no longer subject to the PLRA, and argues that he was still required to exhaust his administrative remedies even after being released. (Obj. at 8:1–9:25.) He argues that because prison officials continued to review his request, and only finally denied it after his release, he was still subject to exhaustion requirements and therefore entitled to tolling.

This argument is based on a misunderstanding of the law. Only prisoners, not former prisoners, are subject to the PLRA's exhaustion requirement. *Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009). And under California law, he is entitled to tolling only while he is in custody. *See Ellis v. City of San Diego, Cal.*, 176 F.3d 1183, 1189 (9th Cir. 1999) (holding that limitations period ran from the date prisoner was released from custody). The fact that officials continued to consider his appeal even after his release does not affect federal exhaustion

---

the Warden of Centinela Prison (the head official) in both his individual and official capacities. In this case, Ward has sued different officers at Centinela who he believes were directly involved in violating his rights. The Defendants in this case include some deputy wardens, but not the principal warden.

requirements. And even supposing the objection were correct, it would not render his claims timely, because his administrative claims were denied just ten days after his release.

Ward also contends Defendants committed a continuing wrong by unjustifiably withholding records pertaining to his administrative appeals, preventing him from naming the proper defendants. He argues this either prevented his claim from accruing, or entitles him to tolling. This argument is meritless for several reasons. First, he knew he had filed administrative appeals, and he was on notice of what he said in them. He obviously was aware of the denials at the first and second level of review; otherwise, he would not have continued to appeal. If, as he now implies, he did not receive the third level denial, he was on notice that it was likely forthcoming. Furthermore, Ward has attached the third level response as an exhibit to his complaint (Docket no. at 49–50) and it is unremarkable. The response does not identify any Defendants, other than the appeals examiner (Defendant Allen), and even then it does not suggest any basis for holding Allen or anyone else liable. To the extent Ward thought he needed some related records and did not receive them at the time, he could have requested them. Moreover, in his first lawsuit he was represented by counsel who could have asked for the records (if they were in fact necessary), or who could even have sought discovery so they could name the correct defendants in an amended complaint. And the notice of voluntary dismissal in June of 2017 recognizes that Ward hadn't named the correct defendants and didn't yet know who (if anyone) was a proper defendant. (*See* Docket no. 33 in case 16cv15282.) The facts cannot reasonably be construed to show that anyone concealed documents or information from Ward, or otherwise prevented him from filing suit.

Ward does not allege he took any steps before March 14, 2018 to seek out the records he now contends were wrongly withheld from him. Even in his objections, he remains silent on that point. Instead, he argues the R&R incorrectly

6

[Case Number]

placed the burden of pleading facts establishing tolling on him. But when, as here, the running of the statute of limitations is apparent on the face of the complaint, the burden of alleging facts to support tolling falls on the plaintiff. *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993).

The R&R points out that Ward failed to comply with the California Government Code's requirements for bringing state law claims against public officials or entities, giving another reason those claims were barred. Ward argues that VCGCB letters were incorrectly mailed to his old prison address, apparently suggesting that he had no notice of what they said. This is beside the point, however, because later letters were sent to his attorney at the address the attorney provided on the claim form. The final denial letter, which includes advice about the petitioning requirement, was sent to his attorney on or around May 27, 2016. Under Cal. Govt. Code §§ 945.4 and 950.2, Ward had six months from the date of denial to file suit against public entities, or public employees acting within the scope of their duties. Neither Ward nor his attorney decided to petition a court for relief from the timeliness requirement, and Ward did not file this action until long after the six month limitations period had passed.

The R&R also correctly determined that Ward's voluntary dismissal of his earlier case meant that it did not operate to toll any statutes of limitations. *See Jonson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1127 (9th Cir. 2008). While Ward did not object to this, it is mentioned here for the sake of completeness.

The R&R recommended dismissal of the § 1985 claim because the § 1983 claim on which it was based was untimely, citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005). The holding of *Thornton* and of *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989), which it relies on, appear to focus on the factual basis for claims, as opposed to their timeliness. That being said, *Thornton* and *Caldeira* probably apply with equal force where, as here, the statute of limitations is the same for the § 1983 and § 1985 claims.

The § 1985 claim is also dismissed on the merits. Ward claims all Defendants conspired to obstruct justice, deny him equal protection, and deter him from vindicating his rights under the law. The motion to dismiss correctly cites the applicable pleading standards, which Ward's § 1985 claim fails to meet. The complaint is devoid of factual allegations showing a conspiracy among Defendants, and instead relies on highly generalized conclusions that all Defendants were conspiring together. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (dismissal of § 1985 conspiracy claim proper where plaintiff failed to plead agreement among defendants adequately); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) ("[T]he plaintiff must state specific facts to support the existence of the claimed conspiracy.") But granting Ward leave to amend to re-plead would be futile, because his § 1985 claim is time-barred just as his § 1983 claims are.

**Conclusion and Order**

For these reasons, the Court **OVERRULES** Ward's objections. With the modifications and additional discussion set forth above, the R&R is **ADOPTED** and Defendants' motion to dismiss is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: March 2, 2020

_Larry A. Burns_
Honorable Larry Alan Burns
Chief United States District Judge